IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| **FREDRICK TUCKER #382662,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 1:21-cv-0073 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| **WARDEN GRADY PERRY, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM

Plaintiff Fredrick Tucker, an inmate at South Central Correctional Facility in Clifton, Tennessee, filed a pro se civil rights Complaint under 42 U.S.C. § 1983 (Doc. No. 1), an Application to Proceed Without Prepaying Fees and Costs (Doc. No. 3), and a Motion to Appoint Counsel. (Doc. No. 2). This action is before the Court for an initial review of the Complaint and a ruling on the pending Motions.

### I. APPLICATION TO PROCEED AS A PAUPER

The Court may authorize a prisoner to file a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Plaintiff submitted financial information reflecting his intent to do so in this action. (Doc. No. 3). The Court construes this submission as an Application to proceed as a pauper, and because it appears that Plaintiff cannot pay the full filing fee in advance, the Application (Doc. No. 3) will be **GRANTED**. The filing fee will be assessed as directed in the accompanying Order. 28 U.S.C. § 1915(b).

### II. INITIAL REVIEW

The Court must dismiss any part of the Complaint that is frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune defendant. 28 U.S.C. §§ 1915(e)(2)(B),

1915A(b); 42 U.S.C. § 1997e(c)(1). The Court also must liberally construe pro se pleadings and hold them to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**A. Allegations**

This action primarily concerns Plaintiff's medical care at South Central Correctional Facility (SCCF). Plaintiff alleges that, in April 2021, he was having "serious . . . issues with [his] breathing" requiring him to use an inhaler "6-8 times a day"—more than his normal inhaler usage. (Doc. No. 1 at 2). Plaintiff filed an "emergency grievance," and the grievance "was deemed non-emergency." (*Id.*). Plaintiff experienced "3 more episodes where [he] stopped breathing," which Plaintiff attributes to "black mold." (*Id.*). Plaintiff informed Unit Manager Emily Pugh and Case Manager Stephen Kovac of his breathing difficulties. (*Id.*). Plaintiff also filed another grievance, causing someone to threaten to move Plaintiff from the annex to the main compound. (*Id.*). Plaintiff then filed another grievance "to ensure that there would be no more retaliation." (*Id.*).

On June 15, 2021, Plaintiff again notified Unit Manager Pugh and Case Manager Kovac of his breathing difficulties, and they "completely ignored" him. (*Id.* at 3). That same day, Plaintiff had a medical appointment but the "nurse did not show." (*Id.*). In August 2021, Plaintiff went to medical on three separate occasions after he "stopped breathing or had trouble with [] obstruction in [his] airway." (*Id.* at 3–4). Plaintiff explained his symptoms, but the nurses did nothing to address his breathing difficulties. (*Id.* at 4). On one of these occasions, Plaintiff informed the nurse that he was experiencing severe pain in his right hip area. (*Id.*). Plaintiff received an x-ray appointment that he "had to cancel due to not feeling good," and the appointment has not been rescheduled. (*Id.*).

Plaintiff sues SCCF Warden Grady Perry, Grievance Chairperson Leigh Staggs, Unit Manager Pugh, and Case Manager Kovac. (*Id.* at 1, 3). He requests monetary damages and various injunctive relief, including treatment "by a licensed physician independent of the facility's doctor," an inspection of SCCF by "an independent reliable agency," and a Court Order that he "not be retaliated against in any form by" SCCF officials. (*Id.* at 4–5).

**B. Legal Standard**

To determine if the Complaint fails to state a claim, the Court applies the Rule 12(b)(6) standard. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

**C. Analysis**

"There are two elements to a § 1983 claim. First, a plaintiff must allege that a defendant acted under color of state law. Second, a plaintiff must allege that the defendant's conduct deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citations omitted).

1. <u>Dismissal of Defendants Perry and Staggs</u>

Plaintiff names Warden Perry and Grievance Chairperson Staggs as Defendants, but he does not make any specific allegations against them in the Complaint. To the extent that Plaintiff seeks to hold these Defendants liable for their failure to act in response to his grievances, "[t]he

'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *See Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). Similarly, any "claims premised on the mishandling of [] grievances" are subject to dismissal because prisoners "have no constitutional right to an effective prison grievance procedure." *Hursey v. Anderson*, No. 16-1146, 2017 WL 3528206, at *2 (6th Cir. Mar. 31, 2017) (citing *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003)).

To the extent that Plaintiff seeks to hold these Defendants liable as supervisors, "Section 1983 liability must be premised on more than . . . the right to control one's employees." *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009) (citing *Shehee*, 199 F.3d at 300). A claim against a supervisor "must fail . . . unless 'the supervisor encouraged [a] specific incident of misconduct or in some other way directly participated in it.'" *Cardinal v. Metrish*, 564 F.3d 794, 802–03 (6th Cir. 2009) (quoting *Combs v. Wilkinson*, 315 F.3d 548, 558 (6th Cir. 2002)).

Here, Plaintiff does not make any factual allegations against Warden Perry or Grievance Chairperson Staggs, much less allege that they directly participated in specific instances of unconstitutional conduct. Accordingly, these two Defendants will be dismissed as parties.

2. <u>Unit Manager Pugh and Case Manager Kovac</u>

Plaintiff alleges that on at least two occasions, he informed Unit Manager Pugh and Case Manager Kovac that he was experiencing breathing difficulties that he attributed to black mold.

The Eighth Amendment "is violated when prison doctors or officials are deliberately indifferent to [a] prisoner's serious medical needs." *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (quoting *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001)). "A constitutional claim for deliberate indifference contains both an objective and a subjective component. The objective

4

Case 1:21-cv-00073   Document 6   Filed 12/03/21   Page 4 of 7 PageID #: 27

component requires a plaintiff to show the existence of a 'sufficiently serious' medical need." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009) (quoting *Farmer*, 511 U.S. at 834). "The subjective component, in contrast, requires a plaintiff to 'allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk.'" *Id.* (quoting *Comstock*, 273 F.3d at 703).

Accepting Plaintiff's allegations as true and drawing all reasonable inferences in his favor, the Court concludes that Plaintiff states a claim against Defendants Pugh and Kovac for deliberate indifference to serious medical needs. Plaintiff alleges that he suffers from breathing difficulties that caused him to stop breathing on more than one occasion. That is a sufficiently serious medical need for the purpose of initial review. And by alleging that he received no treatment for these difficulties after informing Pugh and Kovac of the issue, Plaintiff alleges that these Defendants were aware of and deliberately disregarded his serious medical need.

To the extent that Plaintiff intends to assert a conditions-of-confinement claim based on his alleged exposure to black mold, however, he fails to state a claim. The Eighth Amendment imposes a duty on prison officials to "provide humane conditions of confinement." *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (citations omitted). The objective component of this claim requires Plaintiff "to demonstrate that he has been subjected to specific deprivations that are so serious that they deny him 'the minimal civilized measure of life's necessities.'" *Richmond*, 450 F. App'x at 455 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Plaintiff "must allege 'extreme deprivations' to state an Eighth Amendment conditions-of-confinement claim[,]" and "[a]llegations of temporary inconveniences" do not suffice. *Powell v. Washington*, 720 F. App'x 222, 228 (6th Cir. 2017) (internal citations and quotation marks omitted).

5

Plaintiff makes a bare allegation that exposure to black mold exacerbated his breathing difficulties, but he provides no details about where this alleged mold was located, how long he was exposed to it, or whether he had the means and opportunity to clean it. In short, "Plaintiff's conclusory allegations about the presence of mold do not demonstrate the existence of a sufficiently serious risk to prisoner health." *Lyons v. Wickersham*, No. 2:12-CV-14353, 2012 WL 6591581, at *4 (E.D. Mich. Dec. 18, 2012); *see also Moore v. Madison Cnty. Sheriff's Dep't*, No. 19-1227-JDT-CGC, 2020 WL 61288, at *1 (W.D. Tenn. Jan. 6, 2020) (internal citations and quotation marks omitted) ("Several courts in this circuit have held that the presence of black mold on the floor and in the shower does not create a condition intolerable for prison confinement."). Plaintiff therefore fails to state a conditions-of-confinement claim.

The Complaint also mentions retaliation. Plaintiff alleges that, after he filed a grievance regarding his breathing difficulties and informed Defendants Pugh and Kovac of the issue, someone threatened to transfer him from the annex to the main compound. "A prisoner makes out a First Amendment retaliation claim by showing: '(1) [he] engaged in protected conduct; (2) an adverse action was taken against [him] that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) . . . the adverse action was motivated at least in part by [his] protected conduct.'" *Pasley v. Conerly*, 345 F. App'x 981, 984 (6th Cir. 2009) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999)).

Plaintiff fails to state a retaliation claim against Defendants Pugh and Kovac for two reasons. First, he does not actually allege that Pugh or Kovac made or were aware of the threat to transfer him. And second, although a prison official's threat may constitute an adverse action "if it otherwise meets the standard that it would deter a person of ordinary firmness from engaging in a protected activity," *id.* (citing *Smith v. Yarrow*, 78 F. App'x 529, 543 (6ht Cir. 2003)), Plaintiff

6

does not allege that he would face any "foreseeable, negative consequences" as a result of being transferred to the main compound. *Id.* (citing *Siggers-El v. Barlow*, 412 F.3d 693, 701–02 (6th Cir. 2005)) ("[A] retaliatory transfer to another institution [is] an adverse action if it result[s] in foreseeable, negative consequences to the prisoner, such as loss of his high-paying job and reduced ability to meet with his lawyer."). Plaintiff therefore fails to state a retaliation claim.

### III. MOTION TO APPOINT COUNSEL

"The appointment of counsel in a civil proceeding is not a constitutional right and is justified only in exceptional circumstances." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003) (citing *Lavado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993)). Plaintiff does not attempt to allege exceptional circumstances, and none are apparent at this early stage in the proceedings. Accordingly, Plaintiff's Motion to Appoint Counsel (Doc. No. 3) will be **DENIED** without prejudice to Plaintiff renewing his request if he can demonstrate exceptional circumstances in the future.

### IV. CONCLUSION

For these reasons, Plaintiff will be **GRANTED** pauper status and **DENIED** the appointment of counsel. This case will proceed for further development on Plaintiff's claims for deliberate indifference to serious medical needs against Defendants Pugh and Kovac. All other claims and Defendants will be **DISMISSED**.

An appropriate Order shall enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE