IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

FREDRICK TUCKER            )
                           )
        v.                 )   NO. 1:21-00073
                           )
WARDEN GRADY PERRY, et al. )

**TO:** Honorable William L. Campbell, Jr., District Judge

### R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered December 3, 2021 (Docket Entry No. 7), this *pro se* and *in forma pauperis* prisoner civil rights case was referred to the Magistrate Judge for pretrial proceedings. For the reasons set out below, the undersigned respectfully recommends that Plaintiff's motion for class certification (Docket Entry No. 45) be denied. The undersigned further recommends that Defendant Emily Pugh be dismissed from this action without prejudice for lack of service of process.

### I. BACKGROUND

Fredrick Tucker ("Plaintiff") is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the South Central Correctional Facility ("SCCF") in Clifton, Tennessee. On November 18, 2021, he filed this lawsuit under 42 U.S.C. § 1983, alleging that his constitutional rights were being violated at the SCCF. Upon initial review under 28 U.S.C. §§ 1915(e)(2) and 1915A, several claims and defendants were dismissed, but the Court directed that process issue to two defendants - Emily Pugh and Stephen Kovac - based upon Plaintiff's allegations that they acted with deliberate indifference to his serious medical needs related to breathing issues. *See* Memorandum (Docket Entry No. 6) at 3-7. Although process for

Defendant Pugh was returned unexecuted, see Docket Entry No. 12, Defendant Kovach filed an answer (Docket Entry No. 15), and a scheduling order (Docket Entry No. 16) was entered setting out deadlines for pretrial proceedings in the case.

By his pending motion, Plaintiff seeks an order certifying a class of plaintiffs in this case under Rule 23 of the Federal Rules of Civil Procedure. Plaintiff contends that: (1) the issue of black mold, dust, and bacteria in the ventilation system at the SCCF impacts all inmates housed there; (2) all inmates are in imminent danger of breathing issues; and, (3) there is a pattern of indifference to inmate medical needs at the SCCF.

## II. CONCLUSIONS

Plaintiff's motion must be denied for one obvious and significant reason; he is acting *pro se*. Under Rule 23(a), one of the four prerequisites that must be satisfied for any class to be certified is that the representative party must be able to fairly and adequately protect the interests of the class. *Stout v. J.D. Byrider*, 228 F.3d 709, 716-17 (6th Cir. 2000). The established law within the Sixth Circuit is that a *pro se* party is not a proper representatives of a class. *See Ziegler v. Michigan*, 90 Fed.App'x. 810 (6th Cir. January 23, 2004); Palasty v. Hawk, 15 Fed.App'x. 197 (6th Cir. June 20, 2001); *Howard v. Dougan*, 221 F.3d 1334, 2000 WL 876770 (6th Cir. June 23, 2000); *Hammond v. O'Dea*, 932 F.2d 968, 1991 WL 78161 (6th Cir. May 14, 1991); *Dundee v. Univ. Hosps. Corp*, 2020 WL 511520 at *1 (N.D.Ohio Jan. 31, 2020); *Mustric v. Huntington Nat'l Bank*, 2019 WL 1472095 at *2 (S.D.Ohio Apr. 3, 2019); *Myers v. Transcor Am., LLC*, 2009 WL 793752 at *1 (M.D.Tenn. Mar. 23, 2009) (Trauger, J.); *Powers v. NWA, Inc.*, 2006 WL 984738 at *2 (W.D.Tenn. Apr. 13, 2006); *Collins v. Kentucky*, 2004 WL 3623342 at *1 (E.D.Ky. Oct. 22, 2004). Additionally, Plaintiff, as a *pro se* party, may represent himself in his own case, but he cannot make filings on behalf of another party. *See* 28 U.S.C. § 1654;

*Freeman v. Southern Health Partners*, 2012 WL 4903376 at *2 (M.D.Tenn. Oct. 16, 2012) (Sharp, J.); *Powers*, *supra*. Accordingly, his motion to certify a class must be denied.

The docket in this case reflects that process was returned unexecuted for Defendant Pugh on January 26, 2022, with a notation that she was "no longer employed." *See* Docket Entry No. 12. The docket does not reflect that Plaintiff has provided an alternative address for service of process upon Pugh or has taken any other steps to perfect service of process upon her.

Rule 4(c)(1) of the Federal Rules of Civil Procedure states that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Rule 4(m) provides that:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In the instant action, more than eight months have passed since the summons was issued and service of process was attempted upon Pugh in January 2022. In accordance with Rule 4(m), Defendant Pugh must be dismissed from this action without prejudice.

### R E C O M M E N D A T I O N

For the reasons set out herein, it is respectfully RECOMMENDED that:

1) Plaintiff's motion (Docket Entry No. 45) to certify a class in this lawsuit under Rule 23 be DENIED; and,

2) Defendant Emily Pugh be DISMISSED from this action without prejudice pursuant to Rule 4(m).

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the

specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

        Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge