IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT COLUMBIA

FREDRICK TUCKER )
)
v. ) NO. 1:21-cv-0073
)
WARDEN GRADY PERRY, et al. )

**TO: Honorable William L. Campbell, Jr., U.S. District Judge**

## REPORT AND RECOMMENDATION

By Order entered December 3, 2021 (Docket Entry No. 7), this *pro se* and *in forma pauperis* prisoner civil rights case was referred to the Magistrate Judge for pretrial proceedings.

Pending before the Court is: (1) the motion for summary judgment (Docket Entry No. 57) of Defendant Stephen Kovach; and (2) Plaintiff's motion for a preliminary injunction (Docket Entry No. 63). For the reasons set out below, the undersigned respectfully recommends that the motion for summary judgment be granted, the motion for a preliminary injunction be denied, and this action be dismissed.

## I. BACKGROUND

Fredrick Tucker ("Plaintiff") is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the South Central Correctional Facility ("SCCF") in Clifton, Tennessee. On November 18, 2021, he filed this *pro se* and *in forma pauperis* lawsuit under 42 U.S.C. § 1983, alleging that his constitutional rights had been violated at the SCCF. *See* Complaint (Docket Entry No. 1). Plaintiff seeks monetary damages and various forms of injunctive relief, including treatment "by a licensed physician independent of the facility's

doctor," an inspection of SCCF by "an independent reliable agency," and a Court Order that he "not be retaliated against in any form by" SCCF officials. *Id*. at 4-5.

Plaintiff asserts that he suffers from breathing difficulties that require him to use inhalers on a daily basis. He alleges that, beginning in April 2021 and continuing until August 2021, he experienced numerous episodes when he stopped breathing and he had more difficulty breathing than usual, requiring him to use his inhalers much more than normal. Plaintiff believes that his increased breathing problems are linked to the presence of "black mold" in the prison buildings. Plaintiff asserts that he filed prison grievances about the matter and also complained to his unit and case managers – Emily Pugh and Stephen Kovach – but that he was not provided adequate medical care for his increased breathing difficulties and that the prison nurses who examined him failed to actually treat him.

Upon initial review under 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court directed that process issue to Defendants Pugh and Kovach, based upon Plaintiff's claim that they acted with deliberate indifference to his serious medical needs related to breathing issues. *See* Memorandum (Docket Entry No. 6) at 3-7. However, the Court dismissed Plaintiff's claims against the SCCF warden and grievance chairperson and dismissed Plaintiff's claim of retaliation and claim of unconstitutional conditions of confinement related to black mold. *Id*.

Process for Defendant Pugh was returned unexecuted, *see* Docket Entry No. 12, and the undersigned recommended in a prior Report and Recommendation that she be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. *See* Report and Recommendation entered September 6, 2022 (Docket Entry No. 46). This recommendation remains unchanged.

Defendant Kovach filed an answer (Docket Entry No. 15), and a scheduling order (Docket Entry No. 16) was entered setting out deadlines for pretrial proceedings, including a

time period for discovery. Those deadlines have all expired. Although a jury trial has been demanded, a trial has not yet been scheduled pending resolution of the motion for summary judgment.

## II. MOTION FOR SUMMARY JUDGMENT AND RESPONSE

Defendant Kovach seeks summary judgment in his favor under Rule 56 of the Federal Rules of Civil Procedure. In support of his motion, Defendant Kovach submits: (1) a supporting memorandum (Docket Entry No. 58); (2) a statement of undisputed material facts (Docket Entry No. 57-1); (3) his own declaration (Docket Entry No. 57-2); (4) the declarations, and exhibits attached thereto, of SCCF Grievance Chairperson Heather Kelley (Docket Entry No. 57-3) and SCCF Health Services Administrator Amber Paden (Docket Entry No. 57-4); and, (5) excerpts from Plaintiff's responses to interrogatories (Docket Entry No. 57-5).

Defendant Kovach raises two arguments for summary judgment. First, he asserts that Plaintiff did not comply with the Prison Litigation Reform Act of 1996 ("PLRA"), 42 U.S.C. § 1997e, which requires Plaintiff to have properly exhausted his administrative remedies for his claim before filing this lawsuit. *See* Memorandum at 7-10. Second, he argues that, while it is true that Plaintiff suffers from asthma and has been treated for asthma for several years, the undisputed facts show that Kovach, as a case manager, does not perform medical duties and show that he did not deny Plaintiff access to medical care. *Id*. at 10-19.

Plaintiff responds to the motion for summary judgment with a memorandum (Docket Entry No. 64), his own declaration and exhibits attached thereto (Docket Entry No. 64-1), and a response to Defendant's statement of undisputed material facts (Docket Entry No. 64-2). Pursuant to Rule 56(d)(2), Plaintiff requests that he be permitted additional time to present evidence in the form of the results of an analysis of black mold that was collected at the SCCF

3

and sent to "ProLabs." *See* Plaintiff's Response at 9-10 and Declaration at ¶ 14. With respect to the failure to exhaust defense, Plaintiff argues that, although Kovach was not specifically named in any of his grievances, the fact that the grievances were directed to "unit staff" is sufficient to have alerted Defendant Kovach about the issues raised in the grievances and that he certainly was aware of the grievances. *See* Plaintiff's Memorandum at 11-12. Plaintiff further argues that prison officials at the SCCF routinely fail to follow the grievance procedures, fail to properly process grievances, and fail to respond to the matters raised in the grievances, thus preventing him from complying with the PLRA. *Id* at 12-13.

Plaintiff argues that genuine issues of material fact exist because there is evidence of inadequate medical care at the SCCF and of prison officials ignoring his complaints about the lack of medical care and about black mold. *Id* at 1-10. He contends that deliberate indifference to his serious medical needs by Defendant Kovach is shown, or at least can be inferred, because he voiced his complaints to Kovach about these matters but nothing was done to remedy them. *Id*. at 7-10. He specifically points to June 15, 2021, as a day when he told Kovach that he had suffered multiple instances of breathing problems but Kovach merely responded that he would "e-mail medical." *Id* at 8. Plaintiff further argues that Kovach similarly ignored and minimized his complaints about black mold. *Id*.

> In reply, Defendant Kovach argues:
>
> Plaintiff asserts no facts to show that he properly complied with the grievance procedure to exhaust his administrative remedies. Likewise, Plaintiff asserts no facts against Defendant Kovach specifically to show that Defendant Kovach deprived Plaintiff of his access to medical care or was deliberately indifferent to any serious medical condition of Plaintiff. Further, Plaintiff's Response is wrought with allegations concerning black mold at SCCF and allegations concerning SCCF's obligations to provide medical care – issues that have long been dismissed by the Court.

4

*See* Reply (Docket Entry No. 66) at 1.

## III. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587 (1986).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, 477 U.S. at 249-50. "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888 (1990). In other words, to defeat summary judgment,

the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003) (*quoting Anderson*, 477 U.S. at 252).

## IV. ANALYSIS OF THE SUMMARY JUDGMENT MOTION

Defendant Kovach is entitled to summary judgment in his favor. He raises and supports a sound and conclusive argument that Plaintiff failed to comply with the mandatory administrative exhaustion requirement of the PLRA. This alone warrants the dismissal of Plaintiff's claim. Additionally, Defendant Kovach is entitled to summary judgment because no reasonable trier of fact could find, based upon the evidence in the record before the Court, that Kovach acted with deliberate indifference toward Plaintiff's serious medical needs. Plaintiff's arguments against summary judgment lack merit given the undisputed evidence that Defendant Kovach is not a health care provider who had any actual role in the provision of health care to Plaintiff. After a full review of the record and the arguments raised by the parties, the Court finds that any questions of fact that exist do not rise to the level of genuine issues of material fact that require this case to proceed to trial.

### A. Plaintiff's Request Under Rule 56(d)(2)

Rule 56(d)(2) provides that:

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the Court may:
(1) defer consideration of the motion or deny it;
(2) allow time to obtain affidavits or declarations or to take discovery; or
(3) issue any other appropriate order.

Fed. R. Civ. P. 56(d)(2). There is no merit in Plaintiff's request that he be provided additional time to obtain evidence in the form of laboratory results of mold samples collected from the SCCF. The Court dismissed Plaintiff's claim based on allegations of health hazards caused by

6

black mold at the SCCF. For that reason, the evidence that Plaintiff contends he needs time to obtain is not relevant to the claim that is proceeding against Defendant Kovach. A Rule 56(d)(2) request is properly denied when the discovery requested is not relevant to the underlying issues to be decided. *In re Bayer Healthcare Prods. Mktg. & Sales Practices Litig.*, 752 F.3d 1065, 1074 (6th Cir. 2014).

## B. Exhaustion of Administrative Remedies

Pursuant to 42 U.S.C. § 1997e(a) of the PLRA, a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies before filing a lawsuit about the conditions. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). If there is a grievance procedure available to inmates, the prisoner plaintiff must present his grievance through "one complete round" or through all the steps of the administrative grievance procedure in order to satisfy the exhaustion requirement. *Thomas v. Woolum*, 337 F.3d 720, 733 (6th Cir. 2003), *abrogated on other grounds*, *Woodford v. Ngo*, 548 U.S. 81 (2006); *Hartsfield v. Vidor*, 199 F.3d 305, 306 (6th Cir. 1999). Full exhaustion is required even if the inmate believes the grievance process is futile and will yield no relief. *Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 222 (6th Cir. 2011). The failure of a prisoner plaintiff to satisfy the exhaustion requirement is an affirmative defense that a defendant must raise and prove. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Once the defense of failure to exhaust is raised and supported, the burden is on the prisoner plaintiff to present evidence showing that he has complied with the PLRA's requirement of exhaustion. *Napier*, 636 F.3d at 225.

Defendant Kovach has provided evidence that, although Plaintiff did file multiple grievances at the SCCF, he failed to file a grievance that (1) identified Kovach as a staff member

who was implicated in the matter being grieved, (2) asserted that Kovach prevented Plaintiff from obtaining medical care, or (3) raised the allegation that Plaintiff spoke to Kovach about ongoing "breathing problems" but was ignored. *See* Declaration of Kelley at ¶¶ 10-17.

Plaintiff fails to rebut this evidence. In fact, he acknowledges that he never filed a grievance against Kovach. *See* Plaintiff's Memorandum at 11. The Court is unpersuaded by Plaintiff's argument that a grievance directed at the "unit team" is sufficient to satisfy the PLRA as it pertains to Kovach. It appears to the Court that the grievance upon which Plaintiff's "unit team" argument is based is a grievance that he filed in 2017. *See* Docket Entry No. 64-1 at 14-15.[1] This grievance was filed four years prior to the events at issue and clearly cannot serve as a grievance that satisfies the PLRA with respect to a claim based upon events occurring in 2021.

Further, the Court finds that Plaintiff's various arguments that he was prevented from pursuing a grievance against Kovach are spurious and unsupported by any actual evidence that shows the type of unusual situation necessary for an inmate to be excused from compliance with the PLRA under *Ross v. Blake*, 578 U.S. 632, 643-44 (2016). Regardless of Plaintiff's dissatisfaction with the prison grievance process, he has not provided any evidence that even remotely shows that he attempted to file a grievance against Kovach for deliberate indifference to his medical needs but was unable to do so because of action on the part of prison officials that made the grievance process effectively unavailable. Accordingly, the claim must be dismissed under the PLRA. *Napier*, 636 F.3d at 224-25.

---

[1] If Plaintiff is basing his "unit team" argument on a grievance that he filed in the summer of 2021, which is the relevant time period at issue, he fails to clearly identify this grievance in his response to the motion for summary judgment. The 2017 grievance appears to be the only grievance that mentions a "unit team."

## C. Eighth Amendment Medical Care Claim

The government has a constitutional obligation to provide medical care for the individuals it incarcerates, and "deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). A claim for deliberate indifference to a prisoner's serious medical needs has both a subjective and an objective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). Although this standard does not require a showing that the Defendant acted with a purpose or intent to inflict harm, the standard is nonetheless a high standard and is not satisfied by a showing of negligence. *See Estelle*, 429 U.S. at 105 ("[A]n inadvertent failure to provide adequate medical care cannot be said to constitute" a violation of the Eighth Amendment); *Comstock*, 273 F.3d at 703. Plaintiff must show more than medical malpractice or negligence on the part of Defendant because the subjective requirement acts "to prevent the constitutionalization of medical malpractice claims." *Comstock*, 273 F.3d at 703. *See also Estelle*, 429 U.S. at 105; *Walker v. Norris*, 917 F.2d 1449, 1454 (6th Cir. 1990); *Roberts v. City of Troy*, 773 F.2d 720, 724 (6th Cir. 1985).

Summary judgment should be granted to Defendant Kovach because there is no evidence in the record that would permit a reasonable jury to find that Kovach violated Plaintiff's Eighth Amendment rights with respect to medical care. Defendant Kovach has set forth evidence that his job at the SCCF is a case manager and that, while he does receive complaints from inmates as part of his duties, he has no duties regarding the provision of medical care to inmates. *See* Declaration of Kovach. Defendant Kovach contends that Plaintiff did make one complaint to him

9

about having trouble breathing but that there was no immediate emergency presented, and he told Plaintiff that he would contact medical staff if Plaintiff made him aware in the future about breathing issues. *Id*. Defendant Kovach further declares that Plaintiff did not make any other complaints to him about breathing problems and did not present him with a sick call request. *Id*. Defendant Kovach denies taking any action, or refusing to take any action, that prevented Plaintiff from seeking medical treatment or that prevented medical treatment from being provided to Plaintiff. *Id*.

Plaintiff's response to Defendant Kovach's arguments and evidence consists primarily of asserting that he was not provided with adequate medical care by the medical staff at the SCCF. *See* Plaintiff's Response at 2-9. Plaintiff also continues to raise complaints about black mold at the SCCF. *Id*. These arguments fail to support Plaintiff's claim against Defendant Kovach because they are either not directed at the actions or inactions of Kovach or they concern a claim that has already been dismissed by the Court.

The evidence shows that Plaintiff's medical care claim against Defendant Kovach is based upon one interaction that he had with Plaintiff on June 15, 2021, when Plaintiff complained to Kovach about black mold, about increasing difficulties he was having breathing, and about how he had stopped breathing on a number of occasions. *See* Plaintiff's interrogatory responses (Docket Entry No. 57-5 at 5, 7). Both parties admit that this interaction occurred, but their recollections differ as to how Kovach responded. While Plaintiff asserts that Defendant Kovach stated that he would email medical staff, *see* Plaintiff's Declaration at ¶ 9, Kovach asserts that he merely told Plaintiff to let him know if Plaintiff had breathing problems in the future and he would contact medical staff. *See* Kovach's Declaration at ¶ 12.

This one interaction, even when viewed in the light most favorable to Plaintiff, is simply insufficient to support a claim of constitutional liability against Defendant Kovach. First, there is no evidence that Plaintiff was suffering from a clearly obvious medical emergency at the time of the interaction and therefore no reason for Kovach to have taken any kind of immediate action to assist Plaintiff or to secure medical help for Plaintiff. Second, in the absence of evidence that Kovach was responsible for coordinating care between inmates and the medical staff or had some other role in providing medical care to inmates,[2] Kovach's alleged failure to send an email to the medical staff about Plaintiff's complaint cannot form the basis for a finding of deliberate indifference on the part of Kovach. An Eighth Amendment inadequate medical care claim against a non-medical prison official must be based upon evidence that the official was personally involved in denying medical treatment, deliberately interfered with treatment, or otherwise tacitly authorized misconduct or indifference with respect to medical treatment. *Fuller v. Shartle*, 2012 WL 1068805, at *4 (N.D. Ohio Mar. 29, 2012). There is no such evidence before the Court.

### V. PLAINTIFF'S PRELIMINARY INJUNCTION MOTION

On January 9, 2023, Plaintiff filed a motion for a preliminary injunction, in which he asserts that he has encountered problems in late 2022 and early 2023 obtaining his chronic care medications from medical personnel at the SCCF. *See* Docket Entry No. 63. Plaintiff has also recently filed with the Court copies of two "to whom it may concern" letters that likewise set out allegations about the denial of medical care and deliberate indifference by prison officials. *See* Docket Entry Nos. 67 and 68.

---

[2] Plaintiff acknowledged in an interrogatory response that Kovach "does not have the authority to ensure the Plaintiff received adequate medical care." Docket Entry No. 57-5 at 6.

11

Federal Rule of Civil Procedure 65 governs injunctions and temporary restraining orders. Pre-trial injunctive relief is considered a preventive, prohibitory, or protective measure taken pending resolution on the merits. *Clemons v. Board of Educ.*, 228 F.2d 853, 856 (6th Cir. 1956). It is also extraordinary relief. *Detroit Newspaper Publishers Ass'n v. Detroit Typographical Union No. 18, Int'l Typographical Union*, 471 F.2d 872, 876 (6th Cir. 1972). Plaintiff, as the moving party, has the burden of proving that the circumstances "clearly demand" such injunctive relief. *Overstreet v. Lexington–Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Winter v. Nat'l Resources Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Plaintiff's motion should be denied for several reasons. First, one of the factors a plaintiff must show in order to obtain a preliminary injunction is a likelihood of success on the merits of his underlying claim. Given the Court's finding that summary judgment should be granted to Defendant Kovach, Plaintiff cannot satisfy this factor. Further, while Plaintiff complains in his motion about a recent lack of medical care, the events about which he complains are unrelated to the narrow claim against Kovach. A party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the motion and the conduct asserted in the complaint. *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010). Finally, Plaintiff does not allege any wrongdoing by Defendant Kovach in his motion and Kovach is not one of the prison officials who would be the subject of the injunction requested by Plaintiff. Injunctive relief generally cannot be directed at individuals who are not defendants in a case. *See In re*

*N.A.A.C.P.*, 849 F.2d 1473 (Table), 1988 WL 61504 at *3 (6th Cir. June 13, 1988) (noting that a court's decree is generally only binding on parties).

## RECOMMENDATION

Based on the foregoing, it is respectfully RECOMMENDED that:

(1) the motion for summary judgment (Docket Entry No. 57) of Defendant Stephen Kovach be GRANTED;

(2) Plaintiff's motion for a preliminary injunction (Docket Entry No. 63) be DENIED;

(3) the prior recommendation that Defendant Emily Pugh be DISMISSED pursuant to Rule 4(m) (Docket No. 46) be adopted; and,

(4) this case be DISMISSED in its entirety.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge